IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-00317-WYD

INTERNATIONAL THREE CROWN PETROLEUM LLC; and
ISRAEL PETROLEUM COMPANY,

      Plaintiffs,

v.

PETROMED CORPORATION;
HAGAI AMIR;
LYLE DURHAM;
EAST MEDITERRANEAN EXPLORATION COMPANY LIMITED; and
DAVID PEACE,

      Defendants.

---

**ORDER OF REMAND**

---

THIS MATTER came before the Court for hearing on the PetroMed Defendants'

Notice of Removal, filed February 15, 2010 [#1], this Court's Order to Show Cause,

issued February 17, 2010 [#7], the PetroMed Defendants' Response to Court's Order to

Show Cause, filed February 17, 2010 [#14], Defendant East Mediterranean Exploration

Company, Ltd. ("East Med") and David Peace's Response and Objection to Defendants'

PetroMed Corporation, Amir, and Durham's Notice of Removal, filed February 17, 2010

[#15], and Plaintiffs' Response to Removal Issues, filed February 18, 2010 [#17].

On February 15, 2010, Defendants PetroMed Corporation, Hagai Amir, and Lyle

Durham (the "PetroMed Defendants") filed a Notice of Removal of this case from the

District Court for the City and County of Denver.  The PetroMed Defendants asserted

that removal is proper pursuant to 28 U.S.C. §§ 1446 and 1332(a).  Soon after the

Notice was filed, Plaintiffs International Three Crown Petroleum LLC and Israel

Petroleum Company filed a renewed motion for a temporary restraining order.  I issued

an Order to Show Cause stating my concerns with the Notice of Removal and setting

this matter for hearing to address potential defects in the Notice and, if appropriate, to

hear Plaintiffs' request for TRO.

As noted in my Order to Show Cause, there is a presumption against removal

jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and courts are

rigorously to enforce Congress' intent to restrict federal jurisdiction in controversies

between citizens of different states.  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339

(10th Cir. 1998).  "As judicially interpreted, § 1446(b) requires all served defendants,

except nominal defendants, to join or consent to the removal petition within thirty days

of service, commencing when the first defendant is served."  *Scheall v. Ingram*, 930 F.

Supp 1448, 1449 (D. Colo. 1996) (citation omitted).  "A petition filed by less than all the

named defendants is considered defective if it fails to contain an explanation for the

absence of co-defendants."  *Id.* (citation omitted).  In this case, the Notice failed to state

whether the East Med Defendants consented to the removal, whether they had been

served, or whether their consent is not required.  In addition, I questioned whether the

Notice adequately set forth the jurisdictional amount in controversy.

Defendant PetroMed filed a Response to the Order to Show Cause explaining

why the amount in controversy is satisfied in this case, and stating that none of the

Defendants in this case, including the East Med Defendants.  PetroMed maintained that

because the East Med Defendants have not yet been served, their consent to the removal is not yet required.  That same day, the East Med Defendants filed a response stating that they "hereby object to Defendants PetroMed, Amir, and Durham's request for removal."  At the hearing on the Order to Show Cause, Plaintiffs affirmed that they are seeking to have all Defendants served, but maintained that because service had not yet occurred, it was not necessary that all Defendants consent to the removal and jurisdiction was proper.  The East Med Defendants reaffirmed that, upon service, it was their intent to refuse to consent to the removal.[1]  During the course of the hearing, Plaintiff stated that it would withdraw any objection to the removal, and consent to the remand.

I find that the Notice of Removal is defective on its face pursuant to 28 U.S.C. § 1446(c) because it was filed by less than all the named defendants and did not include an explanation for the absence of co-defendants East Mediterranean Exploration Company, Ltd. and David Peace.  *See Scheall v. Ingram*, 930 F. Supp 1448, 1449 (D. Colo. 1996).  In addition, I find that the East Med Defendants have stated in written pleadings signed by their counsel that they object to the removal.  Moreover, Plaintiffs have consented to remand of the case to Denver District Court.  Therefore, it is hereby

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, City and County of Denver, State of Colorado, from which the case was removed.

---

[1]  The East Med Defendants attempted to reverse this position after Plaintiffs agreed that they would consent to remand of the case, but eventually the East Med Defendants affirmed that they did, in fact, object to the removal.

Dated:  February 18, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge